## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS G. MARTINEZ, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action |
| | No. 18-cv-14641(JBS-AMD) |
| CAMDEN COUNTY JAIL, | |
| Defendant. | **OPINION** |

APPEARANCES:

Luis G. Martinez, Plaintiff Pro Se
932 N. 6th Street
Camden, NJ 08102

**SIMANDLE, District Judge:**

## I. <u>INTRODUCTION</u>

1.    Plaintiff Luis G. Martinez seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.    Plaintiff seeks to bring this civil action without prepayment of fees or security. Docket Entry 1-1. Based on Plaintiff's affidavit of indigency, the Court will grant his application to proceed *in forma pauperis*

3.    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

4. For the reasons set forth below, the Court concludes that the Complaint: (a) will be dismissed with prejudice as to claims against CCJ; and (b) will be dismissed without prejudice for failure to state a claim as to alleged unconstitutional conditions of confinement from overcrowding and from restroom conditions. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. **BACKGROUND**

5. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

6. Plaintiff alleges he endured unconstitutional conditions of confinement while he was confined in CCJ. Complaint § III. His Complaint states only: "[T]he water stop[ped] and we had to use the bathroom without being able to flush. [A]ll day was like that and they gave us a mattress with no cushion." *Id.* § III(B).

7. Plaintiff alleges that these events occurred at the "end of May of 2017." *Id.* § III(B).

8. Plaintiff claims he sustained "stomach pains" from the alleged restroom situation and "back pains for sleeping on a mattress with no cushion." *Id.* § IV.

2

9.  Plaintiff seeks $2,000 "for the pain and suffering [he] went through." *Id*. § V (blank).

## III. <u>**STANDARD OF REVIEW**</u>

10.  Section 1915(e)(2) requires a court to review complaints prior to service of process upon defendants in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

11.  To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007))[1].

## IV. DISCUSSION

### A. Claims Against CCJ: Dismissed With Prejudice

12. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[2] for alleged violations of Plaintiff's constitutional rights. To state a claim for relief under § 1983, a plaintiff must allege: (a) the violation of a right secured by the Constitution or laws of the United States; and (b) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

[2] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

13.  CCJ is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983"); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

14.  Given that named defendant CCJ is not a "person" for § 1983 purposes, the Complaint's claims against CCJ must be dismissed with prejudice.

**B.    Conditions Of Confinement Claims**

**1. Overcrowded Conditions: Dismissed Without Prejudice**

15.  Plaintiff alleges that CCJ gave him "a mattress with no cushion." Complaint § III(C).

16.  This Court reasonably construes this claim in Plaintiff's Complaint to allege violation of Plaintiff's constitutional rights arising from purportedly overcrowded conditions of confinement at CCJ (referred to as Plaintiff's "Overcrowding Claim").

17.  The Court will dismiss the Overcrowding Claim without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii). The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this

Court's review under § 1915. The Court will accept as true for screening purposes only the statements in Plaintiff's Complaint, but there is not enough factual support for the Court to infer that an unconstitutional overcrowding violation has occurred.

18. *Pro se* pleadings are liberally construed, but "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

19. A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

20. However, even construing the Complaint in this case as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation of overcrowding has occurred.

21. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man,

one cell principle lurking in the Due Process Clause of the
Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542
(1979))). More is needed to demonstrate that such crowded
conditions, for a pretrial detainee, shocks the conscience and
thus violates due process rights. *See Hubbard v. Taylor*, 538
F.3d 229, 233 (3d Cir. 2008) ("*Hubbard II*") (noting due process
analysis requires courts to consider whether the totality of the
conditions "cause[s] inmates to endure such genuine privations
and hardship over an extended period of time, that the adverse
conditions become excessive in relation to the purposes assigned
to them") (citing *Union Cnty. Jail Inmates v. DiBuono*, 713 F.2d
984, 992 (3d Cir. 1983) (quoting *Bell*, 441 U.S. at 542)). Some
relevant factors are the length of the confinement(s), whether
plaintiff was a pretrial detainee or convicted prisoner, any
specific individuals who were involved in creating or failing to
remedy the conditions of confinement, any other relevant facts
regarding the conditions of confinement, etc.

22.  Plaintiff may be able to amend the Complaint to
particularly identify adverse conditions that were caused by
specific state actors, that caused Plaintiff to endure genuine
privations and hardship over an extended period of time, and
that were excessive in relation to their purposes. To that end,
the Court shall grant Plaintiff leave to amend the Complaint

within 30 days after the date this Opinion and Order are entered on the docket.[3]

23.  Plaintiff is further advised that any amended complaint must plead specific facts regarding the overcrowded conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

24.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id*. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

---

[3] The amended complaint shall be subject to screening prior to service.

## 2. Restroom Conditions: Dismissed Without Prejudice

25.  Plaintiff complains about restroom conditions during his confinement at CCJ: "I know for a fact that the water stop[ped] and we had to use the bathroom without being able to flush. [A]ll day was like that." Complaint § III(B) (referred to as "Jail Conditions Claim"). For the reasons set forth below, the Jail Conditions Claim shall be dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

26.  A failure of prison officials to provide minimally civil conditions of confinement to pre-trial detainees violates their right not to be punished without due process of law. *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997); *Monmouth Cnty.*, 834 F.2d at 345-46, n. 31; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).[4] "[A] detainee seeking to show unconstitutional conditions of confinement must clear a 'high bar' by demonstrating 'extreme deprivations.'" *Cartegena v. Camden Cnty. Corr. Facility*, No. 12-4409, 2012 WL 5199217, at *3 (D.N.J. Oct. 19, 2012) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004)).

---

[44] "[T]he Due Process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner," *Reynolds*, 128 F.3d at 173, and so the Eighth Amendment sets the floor for the standard applicable to pre-trial detainees' claims. *Bell*, 441 U.S. at 544.

27. When a pretrial detainee complains about the conditions of his confinement, courts are to consider, in accordance with the Fourteenth Amendment, whether the conditions "amount to punishment prior to an adjudication of guilt in accordance with law." *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005) ("*Hubbard I*"). Courts must inquire as to whether the conditions "'cause [detainees] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.'" *Hubbard I*, 399 F.3d at 159-60 (citations omitted).

28. The objective component of unconstitutional punishment analysis examines whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (citing *Bell*, 441 U.S. at 538-39, n.20), *cert. denied*, *Phelps v. Stevenson*, 552 U.S. 1180 (2008).

29. Here, the general allegation of Plaintiff's Jail Conditions Claim is insufficient to satisfy either the objective or subjective components to a Fourteenth Amendment Due Process cause of action.

30. Plaintiff's allegation of a "day" of water stoppage in a CCJ restroom (Complaint § III(C)) does not rise to the

threshold of the objective component of the constitutional standard. Without any facts from Plaintiff to demonstrate substantial deprivation on a recurring or prolonged basis, this Court cannot find that Plaintiff has met the objective prong for a cognizable claim.

31.   Additionally, Plaintiff's Complaint does not satisfy the subjective component of the constitutional standard. As noted above, Plaintiff must establish that CCJ officials acted with "deliberate indifference" to his needs, meaning that they were subjectively aware of the alleged conditions and failed to reasonably respond to them. *Duran v. Merline*, 923 F. Supp.2d 702, 721 (D.N.J. 2013) (internal citations omitted). The test for deliberate indifference is "subjective recklessness" as that concept is understood in criminal law. *Duran*, 923 F. Supp.2d at 721 (citing *Farmer*, 511 U.S. at 839-40). Plaintiff has not offered any facts from which this Court can reasonably infer deliberate indifference by anyone at CCJ with respect to the temporary restroom malfunction. For example, the Plaintiff has not demonstrated that the supposed one-day restroom water issue was anything more than a short-term plumbing issue. Whether CCJ personnel denied Plaintiff access to a functioning alternative restroom, and the particular unsanitary conditions he was forced to endure, would also be germane to any such claim under the Fourteenth Amendment.

32.  Given that Plaintiff has failed to demonstrate facts suggesting (a) that the one-day restroom water condition presented an objectively serious risk of physical harm, and (b) that prison officials responsible for such conditions knew of that risk and were deliberately indifferent to it, the Complaint fails to state a claim for which relief may be granted. Accordingly, Plaintiff's Jail Conditions Claim shall be dismissed without prejudice, with leave to file an amended complaint addressing its deficiencies, within 30 days after the date this Opinion and Order are entered on the docket, if Plaintiff elects to pursue this claim.

## V.  <u>CONCLUSION</u>

For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to CCJ; and (b) dismissed without prejudice for failure to state conditions of confinement claims as to (i) overcrowding and (ii) restroom conditions.

An appropriate order follows.


**November 28, 2018**                          **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          U.S. District Judge